IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 15-53-UNA |
| v. | ) |
| | ) |
| PENNI ENAMA, | ) |
| | ) |
| Defendant. | ) |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

### Introduction

1. At all times material to this Information, the defendant, PENNI ENAMA, was a Delaware resident, employed as a paralegal with a law firm in Delaware ("the Firm").

2. At all times material to this Information, the defendant worked in the Firm's office location in Rehoboth Beach, Delaware.

3. At all times material to this Information, Manufacturers and Traders Trust Company ("M & T Bank"), was a financial institution located in Buffalo, New York.

4. At all times material to this Information, AAA Financial Services was a financial services company that participated in credit card lending, with a location in Wilmington, Delaware.

### COUNT 1
### Wire Fraud (18 U.S.C. § 1343)

5. Beginning in or around May 4, 2007, and continuing up to and including March 19, 2014, in the District of Delaware and elsewhere, the defendant, PENNI ENAMA, did knowingly devise and intend to devise a scheme and artifice to defraud the Firm, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

1

## The Scheme and Artifice

6. It was part of the scheme and artifice that the defendant, in her role as real estate paralegal for the Firm, prepared certain documents and records related to real estate transactions (the "Real Estate Transaction Documents").

7. It was further part of the scheme and artifice that, after the Real Estate Transaction Documents were executed by the relevant parties, the defendant altered the Real Estate Transaction Documents, by fraudulently adding requests for additional payments to M & T Bank, AAA Financial Services, and others, which payments were neither authorized by the relevant parties nor required for the real estate transactions. As a result, additional checks were issued to M & T Bank, AAA Financial Services, and others (the "Fraudulent Checks").

8. It was further part of the scheme and artifice that the defendant presented all of the checks generated as a result of the Real Estate Transaction Documents, including the Fraudulent Checks, to authorized members of the Firm, for execution.

9. It was further part of the scheme and artifice that the defendant failed to disclose to the authorized members of the Firm that she had fraudulently added requests for additional payments to the Real Estate Transaction Documents and had recorded additional payments in the Firm's records, which resulted in the generation of the Fraudulent Checks.

10. It was further part of the scheme and artifice that, after all checks generated as a result of the Real Estate Transaction Documents were signed, the defendant took possession of the Fraudulent Checks.

11. It was further part of the scheme and artifice that the defendant presented some of the Fraudulent Checks to the payee banks, which included M & T Bank, and requested cashier's checks in exchange. She then deposited the cashier's checks into bank and other financial accounts she owned and/or controlled.

12. It was further part of the scheme and artifice that the defendant mailed some of the Fraudulent Checks directly to her personal creditors, including AAA Financial Services.

13. It was further part of the scheme and artifice that, between May 4, 2007, and continuing up to and including March 19, 2014, the defendant converted at least $439,824.40 in Fraudulent Checks paid from the Firms' real estate closing escrow accounts to her own use.

### Charging Paragraph

14. Paragraphs 1-13 above are incorporated herein by reference.

15. On or about March 28, 2013, in the District of Delaware and elsewhere, the defendant PENNI ENAMA, having devised and intending to devise the scheme and artifice described in Paragraphs 1 through 13 above and incorporated herein by reference, and for the purpose of executing and attempting to execute the aforementioned scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did present a check drawn on the Firm's M & T Bank account, in the amount of $1,077.07, to AAA Financial Services in Delaware, and thereby knowingly transmitted and cause to be transmitted, in interstate and foreign commerce, by means of wire, radio, and television communication, writings, signs, signals, pictures, and sounds, the transfer of said $1,077.07 in U.S. currency from M & T Bank to AAA Financial Services, in violation of Title 18, United States Code, Section 1343.

### COUNT II
### Tax Evasion (26 U.S.C. § 7201)

16. Paragraphs 1-15 above are incorporated herein by reference.

17. On or about April 15, 2014, in the District of Delaware and elsewhere, the defendant PENNI ENAMA did willfully attempt to evade and defeat a substantial amount of the income tax due and owing by her to the United States of America for the calendar year 2013, by

filing and causing to be filed with the Internal Revenue Service, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, to wit, the defendant failed to disclose at least $176,000 in taxable income, and the amount of tax due and owing thereon was at least $39,000, in violation of Title 26, United States Code, Section 7201.

//

## NOTICE OF FORFEITURE REGARDING COUNT I

18. Upon conviction of the offense alleged in Count One of this Information, the defendant PENNI ENAMA shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

19. If any of the property described above, as a result of any act or omission of the defendant:

      a) cannot be located upon the exercise of due diligence;

      b) has been transferred or sold to, or deposited with, a third party;

      c) has been placed beyond the jurisdiction of the court;

      d) has been substantially diminished in value; or

      e) has been commingled with other property which cannot be divided without difficulty; then,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), all pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

CHARLES M. OBERLY, III
United States Attorney

BY: _____
Lauren Paxton
Assistant United States Attorney

Dated: October 23, 2015

5