# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

PENNI ENAMA,

        Defendant.

Criminal Action No. 15-053-GMS

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through Charles M. Oberly, III, United States Attorney for the District of Delaware, and Lauren Paxton, Assistant United States Attorney, and the defendant, Penni Enama, by and through her attorney, Thomas Pederson, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to waive indictment and plead guilty to a two-count Information charging her with the following:

    a.    Count One, charging the defendant with Wire Fraud, in violation of 18 U.S.C. § 1343, which carries a maximum penalty of 20 years imprisonment, three years of supervised release, a fine of $250,000, and a $100 special assessment; and

    b.    Count Two, charging the defendant with Tax Evasion, in violation of 26 U.S.C. § 7201, which carries a maximum penalty of 5 years imprisonment, one year of supervised release, a fine of $100,000, and a $100 special assessment.

2.    The defendant knowingly, voluntarily, and intelligently waives her right to be charged by indictment and agrees to execute all forms necessary to effectuate her waiver.

3.    The defendant understands that if there were to be a trial, the government would have to prove beyond a reasonable doubt the elements of the offenses to which she is pleading

1

guilty, as follows:

      a.      <u>Count One (Wire Fraud, in violation of 18 U.S.C. § 1343)</u>: (1) the defendant devised a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises; (2) the defendant acted with the intent to defraud; and (3) in advancing, furthering, or carrying out the scheme, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce.

      b.      <u>Count Two (Tax Evasion, in violation of 26 U.S.C. §7201)</u>: (1) the defendant had a substantial income tax deficiency, (2) the defendant made an affirmative attempt to evade or defeat the assessment of the income tax, and (3) the defendant acted willfully.

4.      The defendant knowingly, voluntarily, and intelligently admits that she is in fact guilty of the foregoing offenses, and the defendant admits that the loss resulting from the defendant's conduct and the conduct for which the defendant is held responsible pursuant to the United States Sentencing Guideline ("U.S.S.G.") § 1B1.3(a) (relevant conduct) is $542,339.40.

5.      Based on the information known to the government at this time, the government anticipates that it will advocate for the application of a two-point enhancement for abuse of position of trust at sentencing, pursuant to U.S.S.G. §3B1.3.

6.      Provided that the government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater,

the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

7.     The defendant understands that there may be other or further applicable enhancements under the United States Sentencing Guidelines, and nothing in this memorandum precludes the government from seeking to apply such enhancements.

8.     The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.    The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge.    The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines.    The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of the defendant's attorney or the government, the defendant will not be allowed to withdraw the guilty plea on that basis.

9.     The defendant agrees that she is responsible to pay in the amount of at least $542,339.40, with at least $102,515 of this sum to be paid to the Internal Revenue Service.

10.     The defendant understands that if the Court orders restitution to the IRS for the payment of tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under

26 U.S.C. § 6331.

11.     The defendant agrees that a $200 special assessment will be due at the time of sentencing.

12.     If the defendant cannot pay the special assessment, restitution, and/or any fine imposed by the Court as part of the defendant's sentence, and the defendant is incarcerated as part of the sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

13.     In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

a) The defendant agrees to fully disclose all assets in which the defendant has any interest or over which she exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than two (2) weeks subsequent to the entry of the guilty plea in this case, the defendant will submit a completed sworn financial statement ("Financial Statement") to the government, through the defendant's undersigned counsel, in the form the government provides and as it directs. No later than two (2) weeks prior to the sentencing hearing in this case, the defendant will provide to the government, through the defendant's undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the government. The defendant promises that the Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely, and truthful.

4

b) Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may, in its sole discretion, do any or all of the following:  (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a);  (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1;  (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range;  (iv) seek an order compelling production of the financial information;  and/or (v) void this Plea Agreement in its entirety.

14.     The defendant agrees to forfeit all right, title, and interest in any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of wire fraud as described in paragraph 1, 3(a), and 4 above ("the Property").  The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.  Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before

sentencing if requested by the government to do so.

15.     The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits the defendant expects from any such stipulation or recommendation, the defendant may not withdraw the guilty plea.

16.     The defendant knows that she has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255. Notwithstanding the forgoing, the defendant reserves the right (1) to file an appeal or other collateral motion on the grounds of ineffective assistance of counsel; and (2) to appeal if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

///

17.      It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, except to the extent they comply with the written modification provisions of this paragraph.

CHARLES M. OBERLY, III
United States Attorney

BY: _____

_____
Thomas Pederson, Esq.
Attorney for Defendant

Lauren Paxton
Assistant United States Attorney

_____
Penni Enama
Defendant

Dated: 12-10 _____, 2015

**AND NOW** this 10th day of _____, 2015, the foregoing

Memorandum of Plea Agreement is hereby [accepted / rejected] by the Court

_____
Honorable Gregory M. Sleet
United States District Judge

7